IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

DONALD DWAYNE HARDMAN, )
as personal representative of the Estate )
of Brandy Lee Hardman, Deceased, )
)
    Plaintiff, )
)
v. ) CIVIL ACTION NO.: 3:17-cv-316-SRW
)
THE SOUTHEAST PERMANENTE )
MEDICAL GROUP, INC., et al., )
)
    Defendants. )

## MEMORANDUM OPINION AND ORDER[1]

This case was originally filed in the Circuit Court of Tallapoosa County, Alabama. *See* Docs. 1, 1-1. Defendants removed the case to this court on the basis of diversity, *see* Doc. 1, and then filed a motion to transfer venue and an alternative motion to dismiss for lack of personal jurisdiction. *See* Doc. 2. Plaintiff has filed a consolidated response in opposition to both motions. *See* Doc. 11. For the reasons stated below, the court finds that the motion is due to be granted in part.

## FACTS

This case arises out of an automobile accident that occurred in Alexander City, Alabama and resulted in the death of plaintiff's decedent. *See* Doc. 1 at 1-2. Plaintiff, who is a resident of Alabama, is the widower of the decedent, Brandy Lee Hardman, and is the

---

[1] The parties previously consented to final dispositive jurisdiction by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). *See* Docs. 16 and 17.

personal representative of her estate. *See* Doc. 1-1 at 2. Defendant Malcolm Thomas Simpson, M.D. ("Simpson") is a citizen of Georgia, where he lives, works, and is licensed to practice medicine. *See* Docs. 1; 1-1; 1-3.² Defendant The Southeast Permanente Medical Group, Inc. ("Southeast Permanente"), of which Simpson is alleged to be an employee or agent, is a citizen of Georgia. *See* Docs. 1; 1-1.³

---

² Plaintiff does not allege Simpson's citizenship. *See* Doc. 1-1 at 2 ("[M]alcolm Thomas Simpson … is a natural person over the age of nineteen years and is a licensed medical doctor. … Upon information and belief, defendant Simpson is a physician in the Southeast Permanente group and/or an employee and agent thereof."). Defendants attach to their notice of removal an affidavit executed by Simpson demonstrating that he is a citizen of Georgia for diversity purposes. *See* Doc. 1-3 ("I am a physician licensed by the State of Georgia, and I practice exclusively in Georgia. […] I reside in Atlanta, Dekalb County, Georgia.").

³ A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business … ." 28 U.S.C. § 1332(c)(1). Plaintiff does not allege facts sufficient to show Southeast Permanente's citizenship. *See* Doc. 1-1 at 2 ("[S]outheast Permanente Medical Group, Inc. … is a foreign corporation headquartered in Atlanta, Georgia. … [S]outheast Permanente is a large multi-specialty medical group providing physicians in a large portion of Georgia, listing its service as a 28-county area of metro-Atlanta.") Defendant states in its notice of removal that Southeast Permanente is a "foreign corporation incorporated in the State of Georgia with its principal place of business in the State of Georgia." *See* Doc. 1 at 4. Defendants do not – as they did with Simpson – attach proof of the same, and instead, cite to the complaint for this information; however, as noted previously, the complaint is silent as to Southeast Permanente's place of incorporation or principal place of business.

The court is nonetheless satisfied that Southeast Permanente is a citizen of Georgia. It takes judicial notice of the fact that the online records of the Georgia Secretary of State show that Southeast Permanente is a domestic professional corporation that was formed in Georgia and has a principal office address in Georgia. *See* https://ecorp.sos.ga.gov/BusinessSearch/BusinessInformation?businessId=687505&businessType=Domestic%20Professional%20Corporation (last visited March 21, 2018); *Birmingham Plumbers & Steamfitters Local 91 Pension Plan v. Iron Mountain Construction, Inc.*, 2016 WL 4137972,*3 n. 2 (N.D. Ala. 2016)("Federal Rule of Evidence 201 provides that a court may take judicial notice of a fact that is not subject to reasonable dispute if it 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.' Fed. R. Evid. 201(b)(2). The information found on the website of the Alabama Secretary of State falls within the purview of Rule 201(b)(2)."). *See also Arnold v. Nationstar Mortgage LLC*, 2017 WL 5986233, n. 3 (N.D. Ga. 2017)("In deciding a motion to dismiss, the [c]ourt can properly take judicial notice of public records maintained by the Georgia Secretary of State.")(citing *Davis v. Nat'l Consumer Servs. Corp.*, 2015 WL 11236558, *4 (N.D. Ga. 2015)(taking judicial notice of records of Georgia

Plaintiff alleges that non-party Michael Lewis Hawkins is an interstate commercial truck driver and a patient of Simpson's. *See* Doc. 1-1 at 3. Hawkins operates and drives for his two-man trucking company, Hawkins Brothers, L.L.C. *Id.* According to plaintiff, Hawkins and his trucking company are governed by the United States Department of Transportation ("DOT"), which requires that Hawkins maintain a valid commercial driver's license. On an annual basis, Hawkins must undergo and pass a DOT physical examination, which is to be administered by a certified medical examiner. *Id.*

According to plaintiff, on April 29, 2016, Simpson "purported to perform a DOT physical examination of … Hawkins and signed and executed a medical examiner's certificate, whereby he certified that he had examined … Hawkins in accordance with applicable DOT safety regulations and that … Hawkins was qualified to safely operate a commercial vehicle in interstate commerce … ." *Id.* However, plaintiff alleges, at the time Simpson performed the examination, Simpson had not been certified to do so and was not listed on the National Registry of Certified Medical Examiners; thus, he did not have the requisite authority to perform the examination. *Id.* at 3-4. Plaintiff also alleges that Simpson "knew or should have known" that Hawkins "lacked the visual, physical, and medical capability to satisfy the requirements of a DOT physical examination" because he is a "an insulin-dependent diabetic patient who was not exempt from regulations prohibiting his maintaining a [commercial driver's license.]" *Id.* at 4.

---

Secretary of State on motion to dismiss), *report and recommendation adopted*, 2015 WL 11257483 (N.D. Ga. 2015)).

Plaintiff further alleges that on December 8, 2016, while Hawkins was driving a "DOT regulated commercial tractor-trailer on U.S. Highway 280 in Alexander City, Alabama, his medical, physical, and visual deficiencies caused him to run a red stoplight so that his tractor-trailer crushed [the decedent's] vehicle as she was lawfully stopped and waiting on the traffic control device to green." *Id.* The decedent died as a result of the collision. *Id.*

Plaintiff alleges three claims arising out of Alabama state law: negligence against both defendants (count one), wantonness against both defendants (count two), and negligent supervision against Southeast Permanente (count three).[4]

## STANDARD OF REVIEW

No party has requested a hearing on the defendants' motion to dismiss for lack of personal jurisdiction, and the court has determined that no such hearing is required. *See* Fed. R. Civ. P. 12(b)(2); *Maximum Efficiency Squared, LLC v. Samsara Works, Corp.*, 2015 WL 5053758, *3 (M.D. Ala. 2014); *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 255 (11th Cir. 1996)).

On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction,

> [t]he plaintiff bears the burden of establishing personal jurisdiction over a non-resident defendant. *See S & Davis Intern., Inc. v. The Republic of Yemen,* 218 F.3d 1292, 1303 (11th Cir.2000). When the issue of personal jurisdiction is decided on the briefs and accompanying evidence, but without a discretionary evidentiary hearing, a plaintiff satisfies his or her burden by demonstrating a "*prima facie* case of jurisdiction." *Francosteel Corp., Unimetal–Normandy v. M/V Charm, Tiki, Mortensen & Lange,* 19 F.3d 624, 626 (11th Cir.1994); *Madara v. Hall,* 916 F.2d 1510, 1514 (11th Cir.1990). A plaintiff establishes a *prima facie* case by submitting evidence sufficient

---
[4] Plaintiff has not named as defendants either Hawkins or his trucking company.

4

> to defeat a motion for judgment notwithstanding the verdict. *See DeLong Equip. Co. v. Washington Mills Abrasive Co.,* 840 F.2d 843, 845 (11th Cir.1988). Consonant with that standard of review, the court construes the allegations in the complaint as true if they are uncontroverted by affidavits or deposition testimony. *See Bracewell v. Nicholson Air Serv., Inc.,* 748 F.2d 1499, 1504 (11th Cir.1984). The Eleventh Circuit has explained on more than one occasion that, "[i]f a plaintiff pleads sufficient material facts to establish a basis for personal jurisdiction and a defendant then submits affidavits controverting those allegations, 'the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction[,] unless those affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction.'" *Whitney Information Network, Inc. v. Xcentric Venture, LLC,* Slip No. 06–11888, 2006 WL 2243041, *3 (11th Cir. Aug .1, 2006) (quoting *Meier v. Sun Int'l Hotels, Ltd.,* 288 F.3d 1264, 1269 (11th Cir.2002)). If the evidence conflicts, the court makes reasonable inferences in favor of the plaintiff, particularly when the jurisdictional questions are seemingly intertwined with the merits of the case. *See DeLong,* 840 F.2d at 845.

*Id.* at *3 (quoting *Ashton v. Florala Mem. Hosp.*, 2006 WL 2864413, *2 (M.D. Ala. 2006)).

## DISCUSSION

### A.     Personal Jurisdiction

As noted above, the plaintiff has the burden to establish a *prima facie* case of personal jurisdiction over a non-resident defendant. *See Andy's Music, Inc. v. Andy's Music, Inc.*, 607 F. Supp. 2d 1281, 1285 (S.D. Ala. 2009)(citing *The Mitchell Company, Inc. v. Campus*, 2008 WL 183344, *13 (S.D. Ala. 2008)(quoting *Meier v. Sun International Hotels, Ltd.*, 288 F.3d 1264, 1268 (11th Cir. 2002)). "Plaintiff's burden in alleging personal jurisdiction is to plead sufficient material facts to establish the basis for exercise of such jurisdiction." *Id.* (citing *The Mitchell Company,* 2008 WL 183344 at *13)(quoting *Future Technology Today, Inc., v. OSF Healthcare Systems, Inc.*, 218 F.3d 1247, 1249 (11th Cir. 2000)). "Finally, a federal district court sitting in diversity may exercise personal

jurisdiction to the extent authorized by the law of the state in which it sits... ." *Id.* (internal citations omitted).

Personal jurisdiction in this action is based on the Alabama long-arm statute, which provides:

> An appropriate basis exists for service of process outside of this state upon a person or entity in any action in this state when the person or entity has such contacts with this state that the prosecution of the action against the person or entity in this state is not inconsistent with the constitution of this state or the Constitution of the United States ... .

Ala. R. Civ. P. 4.2(b).

A sister district court summarized the law applicable to this case in *Andy's Music*, 607 F. Supp. 2d at 1286-87. It explained:

> In a diversity action such as the present one, "a federal court may assert jurisdiction over a nonresident defendant only to the extent permitted by the long-arm statute of the forum State, and only if the exercise of jurisdiction comports with the requirements of the Due Process Clause of the Fourteenth Amendment." *Vermeulen v. Renault, U.S.A., Inc.,* 975 F.2d 746, 753 (11th Cir.1992), *opinion modified and superseded on other grounds by Vermeulen v. Renault, U.S.A., Inc.,* 985 F.2d 1534 (11th Cir.1993), *cert. denied sub nom. Regie Nationale Des Usines Renault S.A. v. Vermeulen,* 508 U.S. 907, 113 S.Ct. 2334, 124 L.Ed.2d 246 (1993); *see also Olivier v. Merritt Dredging Co.,* 979 F.2d 827, 830 (11th Cir.1992) (panel of the Eleventh Circuit states that in determining whether a district court may assert personal jurisdiction depends upon whether the district court could obtain personal jurisdiction over the defendants pursuant to the applicable state long-arm statute and whether the exercise of personal jurisdiction would violate the Due Process Clause of the Fourteenth Amendment), *cert. denied sub nom. South Carolina Property & Casualty Ins. Guar. Ass'n v. Olivier,* 507 U.S. 983, 113 S.Ct. 1577, 123 L.Ed.2d 145, and *cert. denied sub nom. Louisiana Ins. Guar. Ass'n v. Olivier,* 508 U.S. 910, 113 S.Ct. 2342, 124 L.Ed.2d 252 (1993).
>
> Where, as here, the courts of the forum state have interpreted the forum's long-arm statute to confer jurisdiction to the limits allowed by federal due process, *Ruiz de Molina v. Merritt & Furman Ins. Agency, Inc.,*

207 F.3d 1351, 1355–56 (11th Cir.2000) ("Alabama permits its courts to exercise jurisdiction over nonresidents to the fullest extent allowed under the Due Process Clause of the Fourteenth Amendment to the Constitution."); *Ex parte Lagrone,* 839 So.2d 620, 623 (Ala.2002) ("Rule 4.2, Ala.R.Civ.P., Alabama's long-arm rule, 'extends the personal jurisdiction of Alabama courts to the limits of due process under the federal and state constitutions.' "); *see also Steel Processors, Inc. v. Sue's Pumps, Inc. Rentals,* 622 So.2d 910, 911 (Ala.1993); *Sieber v. Campbell,* 810 So.2d 641 (Ala.2001); and *Duke v. Young,* 496 So.2d 37 (Ala.1986), state law need not be applied: this Court "need only ask whether the exercise of jurisdiction over the nonresident defendant comports with due process." *Vermeulen, supra,* 975 F.2d at 753; *see also Olivier, supra,* 979 F.2d at 830 (same) and *Morris v. SSE, Inc.,* 843 F.2d 489, 492 n. 3 (11th Cir.1988) ("This case presents no need to examine Alabama's long-arm jurisdictional statute because that statute authorizes a court to assert personal jurisdiction to the limits of federal due process.... We recognize that it is well-established in this circuit that in a diversity case, a federal district court adjudicating a motion to dismiss for lack of personal jurisdiction must determine whether [the] assertion of jurisdiction comports with both state law and the due process requirements of the United States Constitution.... However, where the forum's courts interpret the forum's long-arm statute to the limits of *federal* due process, we believe it is not necessary to apply state law; application of the federal *International Shoe* two-part analysis will suffice.").

Turning to that seminal case, one can see that a nonresident defendant is amenable to a forum's jurisdiction if "(1) it possesses sufficient minimum contacts with the forum State to satisfy due process requirements, and (2) the forum's exercise of jurisdiction comports with 'traditional notions of fair play and substantial justice.' " *Vermeulen, supra,* 975 F.2d at 754 (quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945), in turn quoting *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278 (1940)). As stated in *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984) (citations omitted), "[d]ue process requirements are satisfied when in personam jurisdiction is asserted over a nonresident corporate defendant that has certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *See also Ruiz de Molina, supra,* 207 F.3d at 1356 ("The Due Process Clause permits a court to summon a nonresident to defend himself in the forum so long as that person has some minimum contacts with that state and the exercise of personal jurisdiction over the defendant would not offend traditional notions of fair play and substantial

7

justice."); *McGee v. International Life Insurance Co.,* 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957) (same).

As this court has stated elsewhere, "[j]urisdiction may be either general or specific," with general jurisdiction applying where a defendant's activities in the forum state are "substantial or continuous and systematic, regardless of whether those activities gave rise to the lawsuit" and specific jurisdiction where "a defendant has had few contacts with the forum state, but those contacts gave rise to the lawsuit." *Campus,* 2008 WL 183344, at *15 (quoting *Leventhal v. Harrelson,* 723 So.2d 566, 569 (Ala.1998)). To aid in this analysis, the Supreme Court has stated that when a cause of action is related to or arises out of a nonresident defendant's contacts with the forum, "the relationship among the defendant, the forum, and the litigation is the essential foundation of *in personam* jurisdiction." *Helicopteros, supra,* 466 U.S. at 414, 104 S.Ct. at 1872 (quoting *Shaffer v. Heitner,* 433 U.S. 186, 204, 97 S.Ct. 2569, 2579, 53 L.Ed.2d 683 (1977)). Moreover, the Eleventh Circuit has stated:

> Specific jurisdiction arises out a party's activities in the forum that are related to the cause of action alleged in the complaint. It has long been recognized that a court has the minimum contacts to support specific jurisdiction only where a defendant purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws. The requirement that there be minimum contacts is grounded in fairness. It assures that "the defendant's conduct and connection with the forum State [is] such that *he should reasonably anticipate being haled into court there."*

*Consolidated Development Corp. v. Sherritt, Inc.,* 216 F.3d 1286, 1291 (11th Cir.2000) (internal citations omitted) (emphasis added), *cert. denied,* 534 U.S. 827, 122 S.Ct. 68, 151 L.Ed.2d 34 (2001). *See also Dillon Equities v. Palmer & Cay, Inc.,* 501 So.2d 459, 462 (Ala.1986) (quoting *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)) ("The foreseeability that is critical to due process analysis ... is that the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there.").

*Id.* at 1286-1287.

Turning to the instant matter, plaintiff makes clear that he does not contend that this court has general jurisdiction over defendants; rather, it is his "position that the defendants

8

engaged in very deliberate and purposeful acts which gave rise to a reasonable expectation of being haled into an Alabama court when they knowingly and unlawfully certified and enabled an unqualified commercial truck driver to operate a tractor trailer in the State of Alabama." *See* Doc. 11 at 8. Thus, the relevant inquiry in this case is whether or not the court has specific jurisdiction over the defendants.

The law governing specific jurisdiction in this Circuit was recently summarized in *Matson v. Steve's Truck & Trailer Repairs, Inc.*, 2017 WL4472717 (N.D. Ala. 2017). The court explained:

> Where a forum seeks to assert specific personal jurisdiction over a nonresident defendant, due process requires the defendant have 'fair warning' that a particular activity may subject him to the jurisdiction of a foreign sovereign." *Madara*, 916 F.2d at 1516. The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on "the relationship among the defendant, the forum, and the litigation." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)). Specific jurisdiction does not require a large volume of contacts with the forum state, as even a single purposeful contact may give rise to personal jurisdiction. *See McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957); *see also Licciardello v. Lovelady*, 544 F.3d 1280, 1285 (11th Cir. 2008) ("The Court has made clear ... that '[s]o long as it creates a "substantial connection" with the forum, even a single act can support jurisdiction.' " (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 n.18 (1985))).
>
> For a state to exercise jurisdiction consistent with due process, the defendant's *suit-related* conduct must create a substantial connection with the forum state. *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014). The contacts with the forum state must also be purposeful and created by the "defendant *himself*." *Walden*, 134 S. Ct. at 1122 ("We have consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State."). Due process requires that a defendant be subjected to specific jurisdiction of a State "based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *Walden*, 134 S. Ct. at 1123

(quoting *Burger King*, 471 U.S. at 475). Related to purposefulness, the Court must determine whether the defendant has a sufficient connection to the forum "that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

If the Court finds that sufficient contacts exist to subject an out-of-state defendant to the forum state's courts, the Court must also consider whether the exercise of jurisdiction would "offend 'traditional notions of fair play and substantial justice.'" *Asahi Metal Indus. Co. v. Superior Court of California, Solano Cty.*, 480 U.S. 102, 113 (1987) (quoting *Int'l Shoe Co.*, 326 U.S. at 316). This analysis requires weighing various factors: the burden placed upon the defendant, the interests of the forum state in deciding the dispute, the plaintiff's interest in litigating in that forum, the interests of the interstate judicial system in an efficient resolution of disputes, and the interests of fundamental social policies. *See World-Wide Volkswagen Corp.*, 444 U.S. at 292; *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1251 (11th Cir. 2000).

*Id.* at *3.

The facts relevant to the jurisdictional question before the court are not in dispute.[5] Southeast Permanente is a Georgia corporation in the business of providing medical services in a specific region in Georgia. There is no allegation or evidence to suggest that it conducts business in Alabama. Simpson is a Georgia resident who is licensed to and practices medicine in Georgia. There is no allegation or evidence to suggest that he is licensed to or practices medicine in Alabama or has any connections whatsoever to Alabama. The physical examination of Hawkins, who is Georgia resident,[6] was conducted

---

[5] In support of their motion to dismiss/transfer venue, defendants offer an affidavit, executed by Simpson, which outlines facts regarding his residence, medical practice, and treatment of Hawkins. See Doc. 2-1. In his opposition to the motion to dismiss, plaintiff comes forward with medical records which he contends demonstrates that Simpson knew Hawkins would travel to Southeastern states, including Alabama. *See* Docs. 11-1 through 11-4.

[6] *See* Doc. 11-4 (medical record noting "[n]o mention of family, but he does have a home base here in ATL and is in town on Wednesday and Friday") and Doc. 19-2 at 1 (affidavit stating, "I am an adult [sic] resident citizen of Decatur, Georgia … .")

in Georgia. There are no allegations that either defendant committed tortious acts in Alabama; rather, it is undisputed that the three alleged torts occurred in Georgia.

Plaintiff does not contest these facts, but argues that this court nonetheless has specific jurisdiction over these defendants because Simpson made a voluntary decision to certify Hawkins for interstate travel with the knowledge that Hawkins was a truck driver who operated in Southeastern states. Accordingly, plaintiff argues, Simpson had "fair warning" that he could be brought into court in *any* state, including but not limited to, Alabama. The court cannot agree.

The lack of contacts between defendants and Alabama compels the conclusion that Alabama lacks specific jurisdiction over those defendants. It is clear from the record that defendants, a Georgia corporation and Georgia doctor, have a connection to the plaintiff, vis-à-vis the decedent, only indirectly by their contact with Hawkins, a Georgia resident who drove his tractor-trailer in Alabama and collided with the decedent. *See* Matson at *4. There is no suggestion that defendants initiated or established any direct contacts with plaintiff or the decedent. *See id*. The conduct underlying the claims against them – Simpson's certifying that Hawkins was fit to drive a commercial vehicle and Southeast Permanente's supervision of Simpson – occurred in Georgia. *See id.*

Moreover, plaintiff has not shown that the defendants intended or knew that Hawkins would drive his truck in Alabama. *See id*. Plaintiff argues in his brief that Simpson knew at the time of the physical examination that Hawkins is a commercial truck driver who engages in interstate driving in the southeast. Plaintiff offers as evidence a medical record stating that Hawkins "drives interstate (SE states) for a commercial trucking

company, and he owns his own truck." *See* Doc. 11-4. Plaintiff does not, however, offer any evidence that Simpson knew or should have known that Hawkins would be driving in Alabama. This court cannot conclude that Simpson knew or should have known that Hawkins would drive his truck in Alabama simply because he knew that Hawkins drives his truck on the interstate in southeastern states, of which there are arguably upwards of thirteen. Plaintiff also argues that because Alabama is a "neighboring state" to Georgia, Simpson necessarily understood that Hawkins would be driving in Alabama. *See* Doc. 11 at 19. The court is likewise unconvinced that Alabama's geographic proximity to Georgia provides a basis for a conclusion that Simpson knew or should have known that Hawkins would drive through Alabama, as there are countless interstate routes that Hawkins could have followed from a major hub such as Atlanta that would not have involved his traversing this state. Moreover, even if it were technically true that defendants "*could* foresee" that Hawkins would drive in Alabama, or for that matter, *any* other state in the contiguous United States, "foreseeability alone has never been a sufficient benchmark for personal jurisdiction." *Matson* at *4 (quoting *World-Wide Volkswagen*, 444 U.S. at 295)

Ultimately, defendants' "sole connection to Alabama is based on 'random, fortuitous, or attenuated" contacts caused by third parties and not by [defendants themselves]." *See Matson at *4.* Therefore, plaintiff has failed to demonstrate that

defendants "purposefully directed" conduct towards Alabama, and that specific jurisdiction exists.[7] *See id.*[8]

Because the court has found there are insufficient contacts to support a conclusion that this court has specific jurisdiction over the defendants, the court "need not evaluate whether jurisdiction over [the defendants] would be fair." *Id.* at * 4 (citing *Hanson v. Denckla*, 357 U.S. 235, 254 (1958); *World-Wide Volkswagen*, 444 U.S. at 294)("Even if the defendant would suffer minimal or no inconvenience from being forced to litigate before the tribunals of another State; even if the forum State has a strong interest in applying its law to the controversy; even if the forum State is the most convenient location

---

[7] The court finds that plaintiff has failed to make a *prima facie* showing of personal jurisdiction over the non-resident defendants. Assuming, arguendo, such a showing had been made, plaintiff has not come forward with evidence sufficient to withstand a motion for directed verdict on the issue of personal jurisdiction.

[8] The court has not found, and the parties have not produced, any Eleventh Circuit precedent that is squarely on point. Indeed, it has proven difficult to find any case that addresses the narrow factual issue presented here. However, one case from the Middle District of Louisiana is strikingly similar. *See Courville v. National Freight*, 2010 WL 3718862 (M.D. La. Sept. 14, 2010). In that case, similarly to this one, Florida doctors allegedly certified that a Florida-based truck driver was qualified to carry a commercial driver's license, despite the fact that he was an insulin-dependent diabetic and was medically unqualified to operate a commercial motor vehicle under federal law. As in this case, the truck driver then traveled through Louisiana and was involved in an accident with a Louisiana resident. The Louisiana plaintiff brought suit against the doctors in Louisiana, alleging that at the time they conducted the DOT physical and issued their certification, they knew or should have known that the driver was seeking a medical certification to drive a commercial motor vehicle across state lines and that their failure to diagnose and report his insulin-dependent condition was highly likely to cause a collision in Louisiana. The court in that case applied the "effects" test that the Eleventh Circuit reserves for determining whether there is personal jurisdiction over defendants against whom intentional torts, as opposed to torts such as negligence, are alleged. Therefore, the court's reasoning does not translate directly to this case. However, it bears noting that, in *Courville,* the court granted the doctors' motion to dismiss for lack of personal jurisdiction. With facts and arguments nearly identical to those in this case, the court determined that plaintiffs had failed to show that defendants' connection with Louisiana was such that they should reasonably anticipate being haled into court there. *See Courville* at *3-4.

for litigation, the Due Process Clause, acting as an instrument of interstate federalism, may sometimes act to divest the State of its power to render a valid judgment."). *See also Berry v. Salter*, 179 F. Supp. 2d 1345, 1349 (M.D. Ala. 2001).

    **B.**    **Transfer**

The remaining issue is whether or not this case should be transferred to another district in lieu of dismissal in the absence of personal jurisdiction over the defendants. "Pursuant to 28 U.S.C. §1406(a), district courts lacking personal jurisdiction over a non-resident defendant have discretion to transfer the defendant's case to 'any district in which it could have been brought,' so long as the transfer 'is in the interest of justice.'" *Alpha Comm Enterprises, Inc. v. Next Vision, Inc.*, 2014 WL 12539706 (M.D. Fla. 2014)(quoting 28 U.S.C. §1406(a)). *See also Ultra Products, Inc. v. Antec*, *Inc.*, 2009 WL 10670800 (M.D. Fla. 2009)("Section 1406(a) operates 'where a suit is filed in federal court in a district in which venue *or personal jurisdiction* is improper'")(emphasis added)(citing *Manley v. Engram*, 755 F.2d 1463, 1467 (11th Cir. 1985); *Patent Holder LLC v. Lone Wolf Distributors, Inc.*, 2017 WL 5032989, *3 (S.D. Fla. 2017)(holding that a transfer under § 1406 is warranted if the district is wrong, and clarifying that "[a] district is wrong within the meaning of § 1406 whenever there exists an obstacle to expeditious and orderly adjudication on the merits" and that "although the statute speaks only of cases where venue in the original forum is wrong, it has been held to operate where there exists in the original forum an obstacle – whether incorrect venue, absence of personal jurisdiction, or both – to

prompt adjudication on the merits." (citing *Dubin v. U.S.*, 380 F.2d 813, 816 (5th Cir. 1967),[9] and *Manley,* 755 F.2d at 1467)(internal quotation marks omitted).

The fact that this case was originally filed in state court and removed to this court – the only proper venue under the removal statute[10] – does not render the court powerless to transfer pursuant to § 1406(a). *See Aguacate Consol. Mines, Inc. of Costa Rica v. Deeprock, Inc.*, 566 F.2d 523, 524-525 (5th Cir. 1978)(holding that a removed action can be transferred pursuant to § 1406(a) if personal jurisdiction over defendant cannot be exercised in the district to which action is removed, even where venue is proper in the removal court)[11]; *Hollis* at 1300 (11th Cir. 2001)(citing *Aguancante* for the proposition that in a removal case "there may be even be a basis for requesting a transfer pursuant to § 1406(a) … ."); *Harris v. Nichols Concrete Equipment Co., Inc.*, 2002 WL 31729490, *4-5 (E.D. LA. 2002)(citing *Aguacante* for the proposition that removal case involving defendants over whom the court had no personal jurisdiction could be transferred, pursuant to § 1406(a), to a district in which the case could have been brought).

"To transfer a case under § 1406(a), 'it is enough simply that the court thinks transfer is in the interest of justice.' *Vulcan Marketing, Inc. v. United Furniture Industries Bolivia, S.A.*, 2010 WL 11566476, at *6 (N.D.Ala. 2010)(quoting 14D Charles Alan

---

[9] Under *Bonner v. City of Pritchard,* 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), this court is bound by cases decided by the former Fifth Circuit before October 1, 1981.

[10] In removal cases, 28 U.S.C. § 1391 does not apply. Rather, 28 U.S.C. § 1441(a) governs the district to which the case shall be removed. It requires removal to the district court for the district in which the state action is pending. *See* 28 U.S.C. § 1441(a); *Hollis v Fla. State Univ.*, 259 F.3d 1295, 1299-1300 (11th Cir. 2001).

[11] *See* footnote 7, *supra*.

Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3811 (3d ed. 2007). "Courts generally perceive transfer to further the interests of justice more than dismissal." *Alpha Comm* at *4.

This case could have been brought in the Northern District of Georgia, as both defendants are residents of that judicial district. *See* 28 U.S.C. § 1391(b)(1)("A civil action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located[.]") Venue is proper in the Northern District of Georgia, and the Georgia defendants are unquestionably subject to personal jurisdiction in that state. Moreover, the alleged torts occurred in the Northern District of Georgia. Further, considering that the court has no reason to believe that plaintiff's choice to file this case in this district was made in bad faith, the court finds that the interests of justice favor transfer, "so as to avoid the undue delay and expense associated with dismissing this action without prejudice." *Alpha Comm* at *4. "Such a transfer will also moot the personal jurisdiction objection and facilitate the resolution of this dispute on the merits." *Vulcan Marketing, Inc. v. United Furniture Industries, Bolivia, S.A.*, 2010 WL 11566476, *6 (N.D. Ala. 2010)(citing *Glazier Group, Inc. v. Mandalay Corp.*, 2007 WL 2021762 at *14 (S.D. Tex. 2007)(transferring a case in which objections to personal

jurisdiction and venue were raised). Therefore, the court concludes that this case is due to be transferred to the Northern District of Georgia.[12,13]

## CONCLUSION

For the reasons discussed above, it is hereby ORDERED as follows:

---

[12] The decision whether to transfer a case … pursuant to … § 1406, is left to the sound discretion of the district court and is reviewable only for an abuse of that discretion. *Id.* at *3 (citing *Pinson v. Rumsfeld*, 192 Fed. Appx. 811, 817 (11th Cir. 2006); *Nowell v. Dick*, 413 F.2d 1204, 1212 (5th Cir. 1969)).

[13] Given the court's finding that it lacks personal jurisdiction, it also concludes that it would be in the interests of justice to transfer this case pursuant to 18 U.S.C. § 1631, which provides:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

§ 1631. *See also Estate of Hicks ex rel. Hicks v. Wallack*, 2012 WL 2254170, 11 (S.D. Ala. 2012)(in lieu of dismissal for lack of personal jurisdiction, transferring case pursuant to § 1631)(citing *Trujillo v. Williams,* 465 F.3d 1210, 1222 (10th Cir.2006)(A court may *sua sponte* cure jurisdictional and venue defects by transferring a suit under the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the interests of justice."); *Liriano v. United States,* 95 F.3d 119, 122 (2nd Cir.1996)("The legislative history of § 1631 indicates that "Congress contemplated that the provision would aid litigants who were confused about the proper forum for review."); *Hempstead County and Nevada County Project v. U.S. E.P.A.,* 700 F.2d 459, 462 (8th Cir. 1983)("The language of [28 U.S.C. § 1631] itself provides us with the analysis to utilize when applying the transfer provision. First, the court where the action is originally filed must find that there is a want of jurisdiction; second, the court must determine if it is in the interest of justice; and third, that court shall then transfer the action to any such court in which the action could have been brought at the time it was filed."); *Wieler v. Entrenet Nutritionals, Inc.,* 2004 WL 2988522, *4 (D. Minn. 2004)("Although the Court declines to find sufficient contacts to confer personal jurisdiction in Minnesota, the Court finds that the interests of justice warrant transfer of this action to the District of North Dakota. 28 U.S.C. § 1631.)).

(1) Defendants' motion to transfer venue and alternative motion to dismiss for lack of personal jurisdiction is GRANTED in part and DENIED in part, as follows:

    a. The motion is GRANTED with respect to defendants' request for transfer to the United States District Court for the Northern District of Georgia.

    b. In all other respects, the motion is DENIED without prejudice.

(2) The Clerk of Court is DIRECTED to take all necessary steps to TRANSFER this case to the United States District Court for the Northern District of Georgia for all further proceedings and to close this file.

Done, on this the 23rd day of March, 2018.

                                                  /s/ Susan Russ Walker_____
                                                  Susan Russ Walker
                                                  United States Magistrate Judge